SUMMARY ORDER
Third-party-plaintiff-appellant Richard Cordero appeals from two interlocutory orders issued by the district court. In one of the orders, the district court (1) denied Cordero’s motion for default judgment against appellee David Palmer, whom Cordero had joined as a third party in an adversary proceeding within the bankruptcy proceedings commenced by Premier Van Lines, and (2) remanded to the bankruptcy court for further proceedings. In the second order, the district court affirmed the bankruptcy court’s dismissal of a cross-claim asserted by Cordero against bankruptcy trustee Kenneth Gordon. The adversary proceedings remain pending before the bankruptcy court at the present time.
Having carefully considered all of Cordero’s arguments on appeal, including those raised in the supplemental brief he filed following oral argument, we conclude that we lack jurisdiction to consider the merits of Cordero’s claims because the orders he seeks to appeal are non-final and non-appealable.
Pursuant to § 158(d) of the Bankruptcy Act, 28 U.S.C. § 158(d), this court has jurisdiction to review a district court’s order in a bankruptcy case only if that order is “final.” See In re Prudential Lines, Inc., 59 F.3d 327, 331 (2d Cir.1995). The first order Cordero seeks to appeal is not final within the meaning of § 158(d) because the district court remanded Corde-ro’s motion for a default judgment to the bankruptcy court for further proceedings. See In re Prudential Lines, 59 F.3d at 331 (“This court has adopted the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts.”) (internal quotation marks omitted). The second order Cordero seeks to appeal is also not final because, in the bankruptcy context, the dismissal of a single cross-claim asserted within a larger adversary proceeding is not a final, appealable order. Id. at 332.
Finally, insofar as Cordero seeks the bankruptcy judge’s recusal, to move the proceedings to a different judicial district, or to appeal the bankruptcy court’s orders denying Cordero’s recusal and removal motions and his belated motion for an extension of time in which to file a notice of appeal, these claims challenge decisions issued by the bankruptcy court that have *273 not been reviewed by the district court. Pursuant to § 158(d), the jurisdiction of the court of appeals in bankruptcy actions is limited to review of final decisions emanating from the district court. See In re Fugazy Express, Inc., 982 F.2d 769, 774-75 (2d Cir.1992) (this court lacks jurisdiction over appeals taken from non-final orders originating in the bankruptcy court). Contrary to Cordero’s assertions in his supplemental brief, this limitation is unaffected by the provisions of 28 U.S.C. § 455(a). Cf. In re Smith, 317 F.3d 918, 923 (9th Cir.2002) (reviewing district court’s affirmance of bankruptcy judge’s denial of motion to recuse). Accordingly, we lack jurisdiction over these claims as well.
For the reasons set forth above, Corde-ro’s appeal is DISMISSED for lack of jurisdiction.